Entered on Docket
November 06, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
OCT 25 2006
HAROLD S. MARENUS, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NC-06-1150-SPaBu |
| RODOLFO VELASQUEZ, | Bk. No. 05-35378 |
| Debtor. | |
| RODOLFO VELASQUEZ, | |
| Appellant, | |
| v. | MEMORANDUM[1] |
| DAVID BURCHARD, Chapter 13 Trustee; JOSE TELLECHEA, Administrator of the Estate of Juan Jose Tellechea, | |
| Appellees. | |

Argued and Submitted on October 18, 2006
at San Francisco, California

Filed - October 25, 2006

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Dennis Montali, Bankruptcy Judge, Presiding.

___

Before: SMITH, PAPPAS and BUFFORD,[2] Bankruptcy Judges.

___

[1] This disposition is not appropriate for publication and may not be cited except when relevant under the doctrine of law of the case or rules of res judicata, including claim preclusion and issue preclusion. See 9th Cir. BAP Rule 8013-1.

[2] Hon. Samuel L. Bufford, United States Bankruptcy Judge for the Central District of California, sitting by designation.

Following the entry of a judgment against debtor in state court, appellee proceeded to place a judgment lien on debtor's non-exempt real property. However, before appellee could levy upon the property, debtor filed for chapter 13[3] relief. Appellee moved for dismissal of the bankruptcy case under § 1307(c) on the basis of bad faith. The bankruptcy court granted the motion. A timely notice of appeal was filed on April 12, 2006. We AFFIRM.

## I.  FACTS

### A.  The State Court Judgment

On December 2, 1999, debtor Rodolfo Velasquez ("Debtor") and Alberto Carrillo ("Carrillo") filed a complaint in the Alameda County Superior Court ("state court") against Juan Jose Tellechea ("decedent") seeking reimbursement for $14,150.36 in property taxes they had paid for related to decedent's residence.[4] The complaint was amended several times and ultimately sought only to quiet title of the residence in Debtor and Carrillo based upon adverse possession.

---

[3] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated pursuant to The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[4] In September 1996, decedent passed away and left his estate to his siblings. Maria Tellechea was appointed as the executor, but opted out and nominated a California resident to act for her. In late 2000, she learned of the nominee's mismanagement of the estate. This led to Jose Tellechea's ("Appellee") appointment as the special administrator of the estate in February 2001.

Prior to Appellee's appointment, Carrillo moved into decedent's residence at 1550 Pacific Avenue, San Leandro, California, and began to occupy it illegally. Carrillo and Debtor learned that property taxes were owed on the property, which they paid.

2

Case: 05-35378   Doc# 67   Filed: 10/25/06   Entered: 11/06/06 15:20:25   Page 2 of 11

In early 2001, while the quiet title action was pending, Appellee filed an unlawful detainer action against Debtor and Carrillo. Thereafter, the two cases were consolidated. The quiet title action was dismissed pursuant to Appellee's demurrer[5], and an unlawful detainer judgment for possession was entered against Carrillo and Debtor.

In addition to the quiet title action, Carrillo and Debtor had filed various lawsuits and motions against Appellee including (1) a creditor's claim for $220,000 for the value of the decedent's residence; (2) a will contest; (3) a petition for suspension of powers and removal of administrator; and (4) a motion for reconsideration, consolidation, and leave to file a cross complaint. The state court either denied or dismissed all of these lawsuits and motions for lack merit.

On March 12, 2002, the state court addressed Appellee's request for attorneys' fees and costs incurred in defending against the quiet title action and the various other motions and pleadings filed by Debtor and Carrillo. Several years earlier, Debtor had been designated a vexatious litigant by another court.[6] Because he did not notify the state court of the designation or obtain the requisite pre-filing orders before

---

[5] The Court of Appeal affirmed the state court's decision in the quiet title action. This opinion can be found at Velasquez v. Tellechea, 2003 WL 1875462 *1 (Cal. App. 1st Dist. 2003) (unpublished opinion).

[6] In 1996, an order was entered in Solano County Superior Court which declared Debtor to be a vexatious litigant and required him to obtain a pre-filing order prior to filing any pleadings in a California state court. Debtor successfully moved to set aside the vexatious-litigant order on January 27, 2002; however, the Solano County Court subsequently retracted that decision on September 30, 2002.

3

Case: 05-35378   Doc# 67   Filed: 10/25/06   Entered: 11/06/06 15:20:25   Page 3 of 11

filing any of the lawsuits and motions against Appellee, the state court imposed sanctions against him in the amount of $31,895.[7] The state court also found Debtor to be a vexatious litigant within the meaning of California Code of Civil Procedure ("C.C.P.") § 391(b)(3).

On August 18, 2004, in an effort to set aside the sanctions order and the order dismissing his quiet title action, Debtor filed a complaint in district court requesting that it 1) declare the state court's sanction order a violation of his civil rights, 2) reduce the sanction amount to $1,000, and 3) remove Appellee's judgment lien against his property. The district court dismissed the complaint.

Following the dismissal of the federal action, Appellee levied on Debtor's non-exempt real property located at 426 Idora Avenue, Vallejo, California, and obtained an assignment order for rents under C.C.P. § 708.510.

B. <u>The Bankruptcy</u>

In November 2005, less than a month after Appellee began to levy on his property, Debtor filed a chapter 13 petition. Thereafter, he filed his proposed chapter 13 plan, which provided for payments of $50 per month to Appellee for three years.

Believing Debtor had filed for bankruptcy in bad faith, Appellee filed a motion to dismiss the case pursuant to § 1307(c) (the "dismissal motion") and objected to confirmation of the plan

---

[7] Carrillo had not been declared a vexatious litigant when the various lawsuits and motions were filed. Thus, the state court only entered sanctions against Debtor.

4

under § 1324.[8]  Appellee complained that Debtor had filed for the sole purpose of interfering with Appellee's collection efforts. Further, according to Debtor's schedules and statement of affairs, he had approximately $500,000 in non-exempt assets (consisting primarily of equity held in two pieces of real property) that could be used to pay Appellee's judgment. Finally, Debtor had not identified any other claim on his petition that would justify the need for bankruptcy relief. Based on Debtor's solvency, ability to pay his creditors by simply refinancing one of his properties, and his improper purpose for filing, Appellee urged the court to dismiss the case.

Debtor responded that it was Appellee who was acting in bad faith by trying to collect on a judgment Debtor believed violated his constitutional rights and by failing to inform the court that Appellee owed Debtor nearly $20,000 for reimbursement of property taxes.  Debtor also urged the bankruptcy court to defer any ruling on Appellee's request until the Ninth Circuit Court of Appeals renders its decision in Wolfe v. George, No. 05-16674 (9th Cir. filed Sept. 1, 2005), a case concerning the constitutionality of the sanctions provision of the California vexatious litigant statute.  According to Debtor, a favorable decision in Wolfe would render Appellee's judgment against him unconstitutional.  Therefore, Debtor suggested that the bankruptcy court direct Appellee to accept the monthly $50 plan

---

[8] In the motion, Appellee objected to the confirmation of the proposed chapter 13 plan on the basis that 1) Debtor's petition did not evidence any disposable income that could be used to make the monthly payments provided for under the plan; and 2) Debtor had not proposed the plan in good faith in light of the equity he held in his real property which be could use to pay Appellee's secured claim in full.

5

Case: 05-35378   Doc# 67   Filed: 10/25/06   Entered: 11/06/06 15:20:25   Page 5 of 11

payments until the Ninth Circuit rules in Wolfe[9] or, in the alternative, until he runs out of further avenues to attack the validity of Appellee's judgment. He also maintained that the bankruptcy filing had been filed in good faith for the proper purpose of providing him with immediate relief from the pressure occasioned by Appellee's attempt to levy on what Debtor considered a non-final judgment.

The dismissal motion was heard on March 15, 2006. In its oral ruling, the bankruptcy court agreed with Appellee that Debtor had filed his petition in bad faith and had abused the bankruptcy system by 1) filing for the improper purpose of frustrating Appellee's collection efforts; and 2) failing to disclose assets on his schedules and to the chapter 13 trustee. The court recognized that Appellee held a final state court judgment against Debtor, and that Debtor could not use the bankruptcy process to thwart Appellee's relatively modest judgment when he had assets worth hundreds of thousands of dollars to pay it. Taking into account Debtor's financial situation, the amount Appellee was owed, and the minimal affect payment of Appellee's judgment would have on other creditors, the court found dismissal to be warranted.

Debtor appeals.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 1334 and §§ 157(b)(1), (b)(2)(A), and (2)(B). We have jurisdiction under 28 U.S.C. §§ 158(b)(1) and (c)(1).

---

[9] As of this date, the Ninth Circuit has not issued a decision in Wolfe.

6

Case: 05-35378   Doc# 67   Filed: 10/25/06   Entered: 11/06/06 15:20:25   Page 6 of 11

### III. ISSUE[10]

Whether the bankruptcy court abused its discretion in dismissing the bankruptcy based on a finding of bad faith.

### IV. STANDARD OF REVIEW

We review for clear error a bankruptcy court's finding of bad faith. Eisen v. Curry (In re Eisen), 14 F.3d 469, 470 (9th Cir. 1993). "However, dismissal of a bankruptcy case for lack of good faith is a matter in the sound discretion of the bankruptcy court and is reviewed for an abuse of discretion." Greatwood v. I.R.S. (In re Greatwood), 194 B.R. 637, 639 (9th Cir. BAP 1996).

### V. DISCUSSION

Debtor complains that the bankruptcy court abused its discretion in dismissing his bankruptcy because he was 1) willing to amend his schedules to include the undisclosed assets; and 2) entitled to a judicial determination as to the dischargeability of Appellee's debt pursuant to § 523(a)(6) and as to Appellee's liability to Debtor.

Section 1307(c) authorizes the bankruptcy court to dismiss a case for cause. Although not specifically listed as one of the enumerated circumstances, bad faith may constitute "cause" for dismissal. Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999). In determining whether a chapter 13 debtor

---

[10] Debtor requests that the panel decide issues which go beyond the scope of this appeal, i.e., his right to a jury trial to determine the liability of Debtor and Appellee and the validity of Appellee's state court judgment. Because our jurisdiction is limited to issues concerning the dismissal order, we decline to consider any issue not related thereto. See Kalt v. Hunter (In re Hunter), 66 F.3d 1002, 1005 (9th Cir. 1995)("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."); Birting Fisheries, Inc. v. Huse-Sporsem (In re Birting Fisheries, Inc.), 300 B.R. 489, 504 n.15 (9th Cir. BAP 2003).

filed his or her petition in bad faith, a court must apply a totality of the circumstances test, taking into account the following factors:

>   (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner,"
>
>   (2) "the debtor's history of filings and dismissals,"
>
>   (3) whether "the debtor only intended to defeat state court litigation," and
>
>   (4) whether egregious behavior is present.

Id. at 1224 (citations omitted). Fraudulent intent by the debtor is not required for a finding of bad faith. Id.

We are not persuaded that the bankruptcy court committed a clear error of judgment in finding that Debtor had filed his petition in bad faith. In making the bad faith determination, the court specifically articulated three different bases for its findings: 1) by his own admission, Debtor filed the petition for the purpose of preventing Appellee from enforcing the state court judgment; 2) Debtor failed properly to disclose all of his assets in his schedules; and 3) Debtor failed to disclose all of his assets, including details concerning substantial assets he owned in Mexico, to the chapter 13 trustee. In addition, the court found that Debtor had a net worth of hundreds of thousands of dollars that could be used to satisfy Appellee's judgment.

The findings of the bankruptcy court are amply supported by the record. First, Debtor admitted in his opposition to the dismissal motion that he filed the bankruptcy case in order to stall Appellee's collection efforts. Second, a review of Debtor's schedules confirm that he failed to list any of his real

Case: 05-35378   Doc# 67   Filed: 10/25/06   Entered: 11/06/06 15:20:25   Page 8 of 11

property in Mexico and that he listed several assets as "Irrelevant to Creditors." Third, there is no dispute that Debtor's equity in real property exceeded $600,000 at the time of the filing.

Notably, even if Debtor had been allowed to amend his schedules to include the missing information, his purpose for filing for chapter 13 relief still "violate[s] the spirit of the chapter." <u>Chinichian v. Campolongo (In re Chinichian)</u>, 784 F.2d 1440, 1445 (9th Cir. 1986). Debtor in this case does not represent "the poor, the oppressed and the unfortunate seeking a fresh start." <u>Id.</u> He admits to be "sitting down in a sea of money" and that a liquidation of one of his properties would cover payment of Appellee's judgment. In addition, there is no indication that he is having difficulty in meeting any of his financial obligations. Instead, Debtor's sole purpose in filing his chapter 13 case was to defeat Appellee's execution of the judgment.

While we recognize the apparent sincerity of Debtor's belief that the sanctions judgment is unconstitutional, as well as his frustration in not being able to collect the amount he claims to be owed by Appellee for reimbursement of property taxes, the circumstances of this case nevertheless fully support the factual findings of the bankruptcy court. Consequently, the bankruptcy court did not abuse its discretion in dismissing Debtor's bankruptcy for cause based on bad faith.

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM the order entered by the bankruptcy court dismissing Debtor's bankruptcy case.

U.S. Bankruptcy Appellate Panel
of the Ninth Circuit
125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California    (626) 229-7220
Appeals from all other Districts  (626) 229-7225

# NOTICE OF ENTRY OF JUDGMENT

BAP No. NC-06-1150-SPaBu

RE:   RODOLFO VELASQUEZ

A separate Judgment was entered in this case on _____10/25/06_____.

BILL OF COSTS:

Bankruptcy Rule 8014 provides that costs on appeal shall be taxed by the Clerk of the Bankruptcy Court. Cost bills should be filed with the Clerk of the Bankruptcy Court from which the appeal was taken.
9th Cir. BAP Rule 8014-1

ISSUANCE OF THE MANDATE:

The mandate, a certified copy of the judgment sent to the Clerk of the Bankruptcy Court from which the appeal was taken, will be issued 7 days after the expiration of the time for filing a petition for rehearing unless such a petition is filed or the time is shortened or enlarged by order. See Federal Rule of Appellate Procedure 41.

APPEAL TO COURT OF APPEALS:

An appeal to the Ninth Circuit Court of Appeals is initiated by filing a notice of appeal with the Clerk of this Panel. The Notice of Appeal should be accompanied by payment of the $455 filing fee (effective November 1, 2003) and a copy of the order or decision on appeal. Checks may be made payable to the U.S. Court of Appeals for the Ninth Circuit. See Federal Rules of Appellate Procedure 6 and the corresponding Rules of the United States Court of Appeals for the Ninth Circuit for specific time requirements.

CERTIFICATE OF MAILING
-------------------------------------
    The undersigned, deputy clerk of the U.S. Bankruptcy
Appellate Panel of the Ninth Circuit, hereby certifies that a copy
of the document on which this certificate appears was mailed this date
to all parties of record to this appeal.

                    By: Edwina Clay

                    Deputy Clerk: October 25, 2006